1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VALERIE MCDONALD,

        Plaintiff,

   v.

NAVY FEDERAL FINANCIAL GROUP, LLC,

        Defendant.

Case No. 2:23-cv-01325-ART-EJY

**ORDER**

**AND**

**REPORT AND RECOMMENDATION**

**Re:  ECF No. 3 (Amended Complaint)**

10
11
12

      Pending before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") and Motion to File a First Amended Complaint (the "FAC").[1] ECF Nos. 1, 3.  Plaintiff's IFP application is granted below.  Plaintiff's FAC is screened in accordance with federal law.

13

**I.**    **Screening Standard.**

14
15
16
17
18
19
20
21
22
23
24
25
26

      When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard

27
28

---

[1]    Under Fed. R. Civ. P. 15(a)(1)(A) Plaintiff did not need leave of court to file a first amended complaint so long as she did so within 21 days of filing her original complaint.  Plaintiff filed her Complaint on August 25, 2023, and her FAC on August 29, 2023.  Accordingly, the FAC is the operative complaint in this matter and is screened herein.

under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.   Plaintiff's Complaint.**

      A.   <u>Plaintiff's Declaratory Relief Claims are Dismissed without Prejudice.</u>

Declaratory relief allows a court to adjudicate a party's rights or obligations before it seeks a coercive remedy. *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). A remedy for declaratory relief must derive from a substantive claim. *Khankhodjaeva v. Saxon Mortg. Servs.*, Case No. 2:10-cv-1577 JCM (GWF), 2012 WL 214302, *4 (D. Nev. Jan 24, 2012). Here, Plaintiff's First and Second claims for declaratory relief do not state claims for relief tied to a substantive claim otherwise asserted in the FAC. ECF No. 3 at 8. For this reason, the Court recommends Plaintiff's First and Second Claims for Declaratory Relief be dismissed without prejudice and with leave to amend.

      B.   <u>Plaintiff's Assertion that Her "Commercial Rights" Were Violated Fails to State a Basis for the Exercise of Jurisdiction and Fails to State Cognizable Claim.</u>

The Court is unsure what Plaintiff seeks through her Third Claim for Relief. Plaintiff's claim does not refer to the violation of a federal statute or the U.S. Constitution, and states only that Defendant's conduct deprived her of commercial rights. Thus, this claim fails to identify a basis for the exercise of jurisdiction in the federal courts.

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter-jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff's allegation of a deprivation of commercial rights does not present a federal question on its face citing neither a federal statute creating a private right of action nor a violation of the U.S. Constitution.

Further, while federal courts have original jurisdiction over civil actions in diversity cases, there must be a "matter in controversy [the value of which] exceeds the sum or value of $75,000" and the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Plaintiff has not pleaded a controversy where the sum exceeds the $75,000 value required for diversity jurisdiction. It is her burden to do so. Thus, as pleaded, the FAC fails to establish federal jurisdiction over Plaintiff's Third Claim for Relief.

Finally, even if there is a state law claim based on an alleged violation of commercial rights such that supplemental jurisdiction might be properly exercised (*see* 28 U.S.C. § 1367), Plaintiff fails to state a claim upon which relief may be granted. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims asserted him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Plaintiff's Third Claim does not to identify a discernable cause of action. The Court does not know what it is that Plaintiff seeks or under what recognized theory of law she proceeds. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th

Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

For the reason stated above, the Court finds Plaintiff's Third Claim is cannot proceed. This claim is properly dismissed without prejudice and with leave to amend.

C.     Plaintiff Fails to State a Claim for Tortious Interference with Contract.

In order "[t]o establish intentional interference with [existing] contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 862 P.2d 1207, 1210 (1993). Plaintiff's 58 page FAC does not identify a valid and existing contract into which she and Defendant entered. For this reason alone, Plaintiff's Tortious Interference with Contract claim fails. However, and importantly, even if a contract between Plaintiff and Defendant exists, a company—like Defendant—cannot interfere with its own contract. *BGC Partners, Inc. v. Avison Young*, Case No. 2:15-cv-00531-RFB-GWF, 2019 WL 570724, at *1 (D. Nev. Feb. 11, 2019). Because Defendant cannot interfere with a contract between itself and Plaintiff, this claim fails as a matter of law and is recommended for dismissal with prejudice.

D.     The Court Recommends Plaintiff's Unjust Enrichment Claim be Dismissed with Prejudice.

To state a claim for unjust enrichment, the plaintiff must allege: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant; (4) in circumstances where it would be inequitable to retain the benefit without payment." *Ames v. Caesars Ent. Corp.*, Case No. 2:17-cv-02910-GMN-VCF, 2019 WL 1441613, at *5 (D. Nev. April 1, 2019) (quoting *Leasepartners Corp., Inc. v. Robert L. Brooks Trust,* 942 P.2d 182, 187 (1997)). Further, "Nevada recognizes the general rule that an equitable claim, like unjust enrichment, is not available where the plaintiff has a full and adequate remedy at law." *Small v. Univ. Med. Ctr. of S. Nevada*, Case No. 2:13-cv-00298-APG-PAL, 2016 WL 4157309, at *3 (D. Nev. Aug. 3, 2016). Here, Plaintiff has identified no benefit she conferred on Defendant or the circumstances that would render any hypothetical benefit retained by Defendant

for which Plaintiff has not paid.  In addition, Plaintiff has an adequate remedy at law under the Electronic Fund Transfer Act as discussed below.  While Plaintiff could potentially amend and identify a benefit conferred on Defendant, because she has an adequate remedy at law, the Court recommends dismissing Plaintiff's Unjust Enrichment claim with prejudice.

       E.       Plaintiff's Electronic Fund Transfer Act Claim May Proceed.

The Electronic Fund Transfer Act (the "EFTA" or the "Act") authorizes a private right of action against a bank that "fails to comply" with any provision of the Act including the provision limiting a consumer's liability for unauthorized transfers. 15 U.S.C. § 1693m(a).  Further, 15 U.S.C. § 1693g(b) states, in pertinent part: "In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met ..."

Further, Plaintiff may seek recovery for: (1) an unauthorized transfer after the 60 day statutory period so long as Plaintiff reported an unauthorized transfer within the 60-day period established under the statute and unauthorized transfers continued after that date[2]; and (2) in the event that Plaintiff did not report an unauthorized transfer within the 60 day reporting period, Plaintiff can proceed if she alleges facts plausibly suggesting that even if she had reported an unauthorized transfer within the 60-day period, the subsequent unauthorized transfers for which she seeks reimbursement would still have occurred.  *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495–97 (9th Cir. 2019) (holding in a similar context that the plaintiff must allege facts giving rise to a reasonable inference that a statutorily available affirmative defense does not apply). A review of Plaintiff's FAC demonstrates that while she does not provide a specific timeline for the events about which she complaints, Plaintiff describes the alleged wrongful events with sufficient particularity in paragraphs 17 through 25 to allow the EFTA claim to proceed.

---

[2]     *See* 15 U.S.C. §§ 1693f(a), 1693g(a); 12 C.F.R. § 1005.6(b)(3).

F.     <u>Plaintiff's Claim Under the Telephone Consumer Protection Act is Dismissed without Prejudice and with Leave to Amend.</u>

Congress enacted the Telephone Consumer Protection Act ("TCPA") "to protect the privacy interests of telephone subscribers." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). The TCPA prohibits making calls with an automatic telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service unless the call is made for emergency purposes or with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A). The TCPA defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

Plaintiff alleges Defendant, her bank, called her using an ATDS in an attempt to collect debts she allegedly owed Defendant. ECF No. 3 ¶¶ 27, 29. Plaintiff says to the extent she ever gave consent to call her, she withdrew that consent orally telling Defendant to cease its calls. *Id*. 32, 34, 35. Plaintiff says she continues to get these calls to this day. *Id*. ¶ 79.

Plaintiff's allegation renders implausible her contention that she was called *randomly or using a sequential number generator* as required to state a TCPA claim. Instead, Plaintiff says she repeatedly received calls from Defendant to her cell phone because Defendant was attempting to collect a debt she owed. These allegations are insufficient to state a claim under the TCPA. *See Mehl v. Green*, Case No. 2:21-cv-01861-TLN-JDP (PS), 2022 WL 4056269, at *5 (E.D. Cal. Sept. 2, 2022) *citing Hufnus v. DoNotPay, Inc.*, Case No. 20-cv-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (finding that numbers specifically provided by the consumer did not meet the TCPA's "random or sequential number generator" to qualify under TCPA). Indeed, several courts hold that when a plaintiff provides a phone number to a defendant the only logical explanation is, as is true in this case, that "a TCPA claim does not lie even if the plaintiff claims that the defendant used an autodialer." *Id. citing Brickman v. Facebook, Inc.*, Case No. 16-cv-00751-WHO, 2021 WL 4198512, at *2 (N.D. Cal. Sept. 15, 2021); *Franco v. Alorica Inc.*, Case No. 2:20-cv-05035-DOC-KESX, 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021) ("When a defendant randomly makes calls from a curated list, it is not randomly or sequentially *generating* phone numbers.").

In sum, the Court finds Plaintiff fails to state a TCPA claim based on the facts alleged.  The Court dismisses Plaintiff's TPCA claim without prejudice and with leave to amend.

G.    Plaintiff Fails to State a Nevada Deceptive Trade Practices Act Claim.

The Nevada Deceptive Trade Practices Act ("NDTPA") is a multifaceted set of statutes under which a variety of different claims may arise.  Here, Plaintiff brings her claim under NRS 598.0915(15), 598.092(8), and 598.023(3) alleging these Nevada statutes were violated when Defendant violated the EFTA.  However, to state her claim under the NDTPA, Plaintiff must allege Defendant engaged in an act of consumer fraud causing her damage.  *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009).  To meet the causation element, Plaintiff must allege that she relied on a specific and identified misrepresentation that caused her harm.  *Id.; see also Guerra v. Dematic Corp*, Case No. 3:18-cv-0376-LRH-CLB, 2020 WL 5995496, at **2-3 (D. Nev. Oct. 8, 2020) (holding that a person cannot be a victim of misrepresentation if they did not rely on the misrepresentation in incurring the harm); *Bank of N.Y. Mellon v. Sunrise Ridge Master Homeowners Ass'n*, Case No. 2:17-cv-00233-JAD-DJA, 2020 WL 2064065, at *6 (D. Nev. Apr. 28, 2020) (identifying reliance as an element for NRS § 598.0915(15)).  While Plaintiff's EFTA claim alleges funds were transferred from her bank accounts by Defendant without her authorization to do so, Plaintiff does not allege facts demonstrating Defendant made an intentional misrepresentation upon which she relied resulting in her harm.  ECF No. 3 ¶¶ 17-25.

In the absence of allegations supporting a claim that Defendant's alleged EFTA violation was committed fraudulently, Plaintiff fails to state a Nevada Deceptive Trade Practices Act claim.  Accordingly, the Court finds this claim is properly dismissed without prejudice but with leave to amend.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (ECF No. 3) is GRANTED as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(A).

IT IS FURTHER ORDERED that the Clerk of Court must separate Plaintiff's First Amended Complaint—ECF No. 3 at pages 2 through 58—from the remainder of the filing and file this as Plaintiff's First Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint is the operative Complaint in this action.

IT IS FURTHER ORDERED that Plaintiff's Sixth Claim for Violations of the Electronic Funds Transfer Act may proceed.

IT IS FURTHER ORDERED that Plaintiff's First and Second Claims for Declaratory Relief, Third Claim for Violation of Consumer Rights, Seventh Claim for Violation of the Telephone Consumer Protection Act, and Eighth Claim for Violation of the Nevada Deceptive Trade Practices Act are dismissed without prejudice but with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a second amended complaint, she must do so no later than **October 10, 2023**. If filed, Plaintiff's second amended complaint **must** include all claims she wants to assert including the Electronic Funds Transfer Act claim the Court found can proceed. This is because a second amended complaint will supersede—meaning it will override—what Plaintiff has previously filed. The second amended complaint, if filed, must be complete in and of itself. The Court cannot refer back to Plaintiff's original or First Amended Complaint for any purpose.

Plaintiff is advised that if she files a second amended complaint she must fix the deficiencies in the First, Second, Third, Seventh, and Eighth Claims. If Plaintiff does not file a second amended complaint by or before **October 10, 2023**, her claim for violations of the Electronic Fund Transfer Act will proceed and she will be required to serve the Defendant with her First Amended Complaint within 90 days of its filing.

IV.     **Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Fourth Claim for Tortious Interference with Contract and Fifth Claim for Unjust Enrichment be dismissed with prejudice because Plaintiff cannot state these claims as a matter of law.

Dated this 6th day of September, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).