UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALERIE MCDONALD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NAVY FEDERAL FINANCIAL GROUP, LLC,<br><br>　　　　　Defendant. | Case No. 2:23-cv-01325-ART-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF No. 14 (Third Amended Complaint) |

　　　Pending before the Court is Plaintiff's 2nd Motion for Leave to Amend Complaint together with Plaintiff's proposed third amended complaint (the "TAC").  ECF Nos. 14.

**I.     Screening Standard**.

　　　When screening a complaint, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

　　　In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the

complaint's deficiencies cannot be cured through amendment, a pro se plaintiff ordinarily should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Review of Plaintiff's Third Amended Complaint**.

    a.    <u>Plaintiff's Declaratory Relief Claims Should Be Dismissed With Prejudice</u>.

This is Plaintiff's third attempt to state declaratory relief actions against Navy Federal Credit Union (misnamed in the prior filings as Navy Federal Financial Group, LLC). ECF Nos. 1-1, 5, 14. As the Court previously explained to Plaintiff, a declaratory relief action allows a court to adjudicate a party's rights or obligations before it seeks a coercive remedy. *See* ECF No. 4 *citing Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). A remedy for declaratory relief must derive from a substantive claim. *Khankhodjaeva v. Saxon Mortg. Servs.*, Case No. 2:10-cv-1577 JCM (GWF), 2012 WL 214302, at *4 (D. Nev. Jan 24, 2012).

In Paragraphs 43 and 44 of Plaintiff's TAC (ECF No. 14 at 10), Plaintiff references "[i]nvestors" in promissory notes who "receive a monthly payment principal and interest coupon" considered "interest paid on the security" at issue. In Paragraph 56 Plaintiff offers Black's Law Dictionary's definition of a "coupon." *Id*. 11 ¶ 56. Plaintiff then concludes that "Defendant refused the tendered payments provided by Plaintiff as explained in" her prior complaint (which is no longer operative. *See* LR 15-1(a)). *Id*. ¶ 57. In Paragraph 59 Plaintiff says, "Defendant failed to clearly define or provide instructions about the coupon note …."

Thereafter, Plaintiff's First Claim for Declaratory Relief, at ECF No. 14 ¶¶ 65-66, states:

> Plaintiff seeks a declaratory judgment defining the rights and responsibilities of the involved parties regarding the negotiable instrument and coupon, declaring that the instrument was valid and should have been accepted.

> The Court's declaration will confirm that the Defendant's refusal to accept the negotiable instrument and coupon constituted violations of Plaintiff's commercial rights and constitutional protections.

Plaintiff's allegations, neither together nor separately, identify a cognizable declaratory relief action discernable by the Court. The allegations are convoluted and nonsensical. In the absence identifiable declaratory relief this Court can grant, the Court finds Plaintiff's First Claim for Declaratory Relief fails to state a cause of action upon which relief may be granted.

Plaintiff's second claim for declaratory relief, *id*. ¶¶ 67-68, states:

> Plaintiff seeks a declaratory judgment defining the rights and responsibilities of the involved parties regarding the willful noncompliance of the stipulated order by the CFPB concerning the Defendant for docket number 2016-CFPB-0024.
>
> The Court's declaration will confirm that Defendant is still engaging in unfair, deceptive, abusing acts and practices laid out within the Bureau's finding and conclusions which violate Defendant's consent order.

Plaintiff's allegations do not establish she has standing to enforce a purported consent order between Defendant and the Consumer Financial Protection Bureau (the CFPB). *See Willis v. Portfolio Recovery Associates, L.L.C.*, 803 Fed.Appx. 761, 764 (5th Circ. 2020). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United states Constitution." *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) *citing Aetna Life Ins. Co. of Hartford v. Haworth,* 300 U.S. 227, 239-40 (1937). In the absence of standing, Plaintiff cannot pursue this claim.

Again, this is Plaintiff's third attempt to state claims for declaratory relief. Plaintiff's Second Claim is wholly insufficient demonstrating a complete lack of understanding regarding what it means to bring a claim for such relief. Plaintiff's First and Second Claims for Declaratory Relief cannot proceed as a matter of law. The Court recommends Plaintiff's First and Second Claims for Declaratory Relief be dismissed with prejudice. *Hagans v. Levine,* 415 U.S. 528, 543 (1974) (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").

      b.    <u>Plaintiff's Third Claim For Relief Asserting A Violation of Commercial Rights Fails As A Matter of Law</u>.

As was true the last time the Court screened Plaintiff's operative complaint, the Court has no idea under what legal premise Plaintiff seeks relief for a violation of commercial rights. Plaintiff's claim does not refer to the violation of a federal statute or the U.S. Constitution. To the extent Plaintiff asserts a violation of a consent order between Defendant and the CFPB, she does not establish standing to sue. This claim fails to identify a basis for the exercise of jurisdiction in the federal courts[1] and, for this reason, the Court recommends dismissal of Plaintiff's Third Claim for Relief with prejudice. *Id*.

      c.    <u>Plaintiff Fails To State a Breach Of Contract Claim</u>.

In her TAC Plaintiff states she provided a promissory note to Defendant at the time she applied for credit that included Defendant's right "to use as liability in the form of a demand deposit." ECF No. 14 at 9 ¶ 40. Plaintiff then discusses a section of the "The Federal Reserve Act," a definition of "securitization found in Black's Law Dictionary, unsupported allegations regarding the sale of promissory notes untethered to her difficult to decipher claim, and a variety of other allegations unrelated to a contract between Plaintiff and Defendant that was allegedly breached. *Id*. ¶¶ 41-48.

Plaintiff also says Defendant "misrepresented Plaintiff's credit transactions as loans within the promise to pay agreement and has reported to consumer reporting agencies her credit card accounts were late, or payments were missed when in fact the accounts were satisfied at the time of the promissory note was either sold, transferred, or advanced." *Id*. ¶ 50. In her Fourth Claim, alleging Breach of Contract, Plaintiff says, "Defendant failed to disclose that her promissory note

---

[1] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)). If the Court lacks subject matter-jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).
    Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Plaintiff's allegation of a deprivation of commercial rights does not present a federal question on its face citing neither a federal statute creating a private right of action nor a violation of the U.S. Constitution.

1  would be considered a security agreement and how security interest was gained from said promissory
2  note." *Id*. at 72.
3     To state a breach of contract claim under Nevada law Plaintiff must allege "(1) the existence
4  of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Med.*
5  *Providers Fin. Corp. II v. New Life Centers, L.L.C.,* 818 F.Supp.2d 1271, 1274 (D. Nev. 2011).
6  Plaintiff does not state a breach of contract because she does not identify a provision of an agreement
7  into which she entered with Defendant that Defendant breached.  Instead, Plaintiff appears to allege
8  misrepresentations were made by virtue of an omission—something not stated at the time an
9  agreement was formed.  However, contrary to this allegation, Plaintiff states the following at
10 Paragraph 35 of her TAC: "Section 5a of Navy Federal's agreement[] speaks of Security Interest
11 Specific for credit cards and states: '… you acknowledge and pledge, specifically as a condition of
12 your use of the credit card, that you have voluntarily granted Navy Federal a security interest in all
13 of your individual and joint share accounts at Navy Federal.  If your credit card loan becomes
14 delinquent, this security interest may be used without further notice to pay all or part of such
15 delinquency ….'" *Id*.  Plaintiff further admits that the agreement she entered into with Defendant
16 states:  "You acknowledge and pledge to Navy Federal a security interest in the collateral securing
17 loan(s) that you have with Navy Federal now and in the future …." *Id*.
18    Based on the foregoing, the Court finds Plaintiff's breach of contract allegations fails to state
19 a claim upon which relief may be granted.  To the extent Plaintiff may have wanted to assert some
20 other claim, the Court will not infer causes of action or write Plaintiff's Complaint for her.  *Mile v.*
21 *Ryan*, Case No. CV 12-1064-PHX-JAT, 2013 WL 3335217, at *6 (D. Ariz. July 2, 2013) ("The
22 Court will not infer a claim where one is not alleged"); *see also Gonzalez v. Fresno Sheriff's Dep't*,
23 Case No. 1:15-cv-001200-BAM (PC), 2017 WL 1353733, at *4 (E.D. Cal. Apr. 12, 2017) ("The
24 Court will not infer factual allegations necessary for Plaintiff to state a claim.").
25    This is Plaintiff's third attempt to plead claims against Defendant.  ECF Nos. 1-1, 5, 14.
26 These attempts have afforded Plaintiff sufficient opportunity to plead a successful common law
27 claim against Defendant, which she has not done.  The Court recommends Plaintiff's Breach of
28

Contract claim be dismissed with prejudice. *Stamos v. Citrus Heights Police Dept.*, 156 Fed.Appx. 995 (9th Cir. 2005) (internal citation omitted).

        d.        <u>The Court Recommends Plaintiff's Breach Of Fiduciary Duty Claim Be Dismissed With Prejudice</u>.

"A claim for breach of fiduciary duty under Nevada law requires a plaintiff to demonstrate a fiduciary duty exists, that duty was breached, and the breach proximately caused the damages." *JPMorgan Chase Bank, N.A. v. KB Home*, 632 F.Supp.2d 1013, 1024 (D. Nev. 2009) (quoting *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1245 (D. Nev. 2008)). "'[A] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party. Such a relationship imposes a duty of utmost good faith.'" *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880-81 (9th Cir. 2007) (quoting *Hoopes v. Hammargren*, 102 Nev. 425, 431 (1986) (internal citations omitted). "Ordinarily, an arms-length contractual relationship will not support a finding of a fiduciary or confidential relationship." *Butcher v. Advanced Mineral Technologies, Inc.*, Case No. 2:10-cv-01802 PMP-LRL, 2011 WL 810256, *6 (D. Nev. Mar. 2, 2011) (internal citation omitted).

Plaintiff's allegations at Paragraphs 74 through 79 do not aver facts establishing a fiduciary relationship between Plaintiff and Defendant. The are no allegations demonstrating Defendant was bound to act for Plaintiff's benefit. Moreover, although the Nevada Supreme Court has not found there is no general fiduciary relationship between a bank and its customers, many states have come to this conclusion. *See e.g., Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000 (N.D. Cal. 2010) (lender owes no fiduciary duty to the borrower under California law); *Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542 (S.D.N.Y. 2014) (generally, the relationship between a borrower and a bank is contractual in nature and does not create a fiduciary relationship between them); *In re Bryce*, 491 B.R. 157 (Bankr. W.D. Wash. 2013) (the general rule under Washington law is that a lender is not a fiduciary of its borrower, and a special relationship must develop between a lender and a borrower before a fiduciary duty exists).

The Court finds Plaintiff does not alleged any facts demonstrating a fiduciary relationship between herself and Defendant. To the contrary, the facts show the existence of an ordinary banking

relationship. Given Plaintiff's repeated opportunity to plead claims for relief, and Plaintiff's failure to plead any facts suggesting a fiduciary relationship between herself and Defendant, the Court recommends dismissing Plaintiff's Breach of Fiduciary Duty claim with prejudice.

      e.    <u>Plaintiff's Electronic Fund Transfer Act Claim May Proceed</u>.

The Electronic Fund Transfer Act (the "EFTA" or the "Act") authorizes a private right of action against a bank that "fails to comply" with any provision of the Act including the provision limiting a consumer's liability for unauthorized transfers. 15 U.S.C. § 1693m(a). Further, 15 U.S.C. § 1693g(b) states, in pertinent part: "In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized or, if the electronic fund transfer was unauthorized, then the burden of proof is upon the financial institution to establish that the conditions of liability set forth in subsection (a) have been met ..."

Further, Plaintiff may seek recovery for: (1) an unauthorized transfer after the 60 day statutory period so long as Plaintiff reported an unauthorized transfer within the 60-day period established under the statute and unauthorized transfers continued after that date[2]; and (2) in the event that Plaintiff did not report an unauthorized transfer within the 60 day reporting period, Plaintiff can proceed if she alleges facts plausibly suggesting that even if she had reported an unauthorized transfer within the 60-day period, the subsequent unauthorized transfers for which she seeks reimbursement would still have occurred. *See Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495-97 (9th Cir. 2019) (holding in a similar context that the plaintiff must allege facts giving rise to a reasonable inference that a statutorily available affirmative defense does not apply).

While the Court doubts Plaintiff can succeed on her claim under the EFTA, a review of Plaintiff's TAC demonstrates she had alleged enough fact to allow this claim to proceed.

      f.    <u>Plaintiff's Claim Under The Telephone Consumer Protection Act Should Be Dismissed with Prejudice</u>.

Congress enacted the Telephone Consumer Protection Act ("TCPA") "to protect the privacy interests of telephone subscribers." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th

---

[2] *See* 15 U.S.C. §§ 1693f(a), 1693g(a); 12 C.F.R. § 1005.6(b)(3).

Cir. 2009). The TCPA prohibits making calls with an automatic telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service unless the call is made for emergency purposes or with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A). The TCPA defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

Plaintiff alleges Defendant (her credit union) called her using an ATDS in an attempt to collect debts she allegedly owed to Defendant. ECF No. 14 at 15 ¶¶ 91-93. Plaintiff says to the extent she ever gave consent to call her, she withdrew that consent telling Defendant to cease its calls. *Id.* at 16 ¶ 94.

As previously explained to Plaintiff (*see* ECF No. 4), Plaintiff's allegation renders implausible her contention that she was called randomly or using a sequential number generator as required to state a TCPA claim. Instead, Plaintiff says Defendant repeatedly called her cell phone attempting to collect a debt she owed. These allegations are insufficient to state a claim under the TCPA. *See Mehl v. Green*, Case No. 2:21-cv-01861-TLN-JDP (PS), 2022 WL 4056269, at *5 (E.D. Cal. Sept. 2, 2022) *citing Hufnus v. DoNotPay, Inc.*, Case No. 20-cv-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (finding that numbers specifically provided by the consumer did not meet the TCPA's "random or sequential number generator" to qualify under TCPA). Indeed, several courts hold that when a plaintiff provides a phone number to a defendant the only logical explanation is, as is true in this case, that "a TCPA claim does not lie even if the plaintiff claims that the defendant used an autodialer." *Id. citing Brickman v. Facebook, Inc.*, Case No. 16-cv-00751-WHO, 2021 WL 4198512, at *2 (N.D. Cal. Sept. 15, 2021); *Franco v. Alorica Inc.*, Case No. 2:20-cv-05035-DOC-(KESx), 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021) ("[w]hen a defendant randomly makes calls from a curated list, it is not randomly or sequentially *generating* phone numbers") (emphasis in original). Plaintiff's TAC adds no new allegations that change this analysis.

The Court finds Plaintiff again fails to state a TCPA claim. The Court recommends Plaintiff's TPCA claim be dismissed with prejudice.

g. <u>Plaintiff Fails to State a Nevada Deceptive Trade Practices Act Claim</u>.

In its prior order screening Plaintiff's First Amended Complaint, the Court provided Plaintiff with information about the Nevada Deceptive Trade Practices Act ("NDTPA"). The NDTPA is a set of statutes under which a variety of different claims may arise. Here, Plaintiff brings her claim under NRS 598.0915(15) (knowingly making "any other false representation in a transaction"), 598.092(8) ("[k]nowingly misrepresents the legal rights, obligations or remedies of a party to a transaction")., and 598.023(3).

First, the Court notes there is no section of the Nevada Revised Statutes at 598.023(3). This statute only has two sections. Thus, Plaintiff's claim under NRS 598.023(3) fails as a matter of law. Second, to state her claim under sections 598.0915(15) or 598.092(8) of the NDTPA, Plaintiff must allege Defendant engaged in an act of consumer fraud that caused her damage. *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009). To meet the causation element, Plaintiff must allege that she, in fact, relied on a specific and identified misrepresentation that caused her harm. *Id.; see also Guerra v. Dematic Corp*, Case No. 3:18-cv-0376-LRH-CLB, 2020 WL 5995496, at \*\*2-3 (D. Nev. Oct. 8, 2020) (holding that a person cannot be a victim of misrepresentation if they did not rely on the misrepresentation in incurring the harm); *Bank of N.Y. Mellon v. Sunrise Ridge Master Homeowners Ass'n*, Case No. 2:17-cv-00233-JAD-DJA, 2020 WL 2064065, at \*6 (D. Nev. Apr. 28, 2020) (identifying reliance as an element for NRS § 598.0915(15).

Plaintiff's Eighth Claim does not allege reliance. ECF No. 14 ¶¶ 100-103. The 50 paragraphs comprising Plaintiff's factual support for her TAC are convoluted and, at times, difficult to decipher. *Id*. ¶¶ 15-64. Nonetheless, even a careful review of these paragraphs shows Plaintiff neither uses the word "relied" nor references "reliance" on Defendant's alleged misrepresentation. Specifically, Paragraphs 34 through 64, which fall under the heading of "Failure to Provide Full Disclosure," discuss many concepts and definitions but never state, explicitly or implicitly, that Plaintiff relied in fact on a misrepresentation made by Defendant that cause her harm. *Id*. at 7-12.

Based on the foregoing and given Plaintiff's failure to cure the deficiencies appearing in her First Amended Complaint, the Court recommends this claim be dismissed with prejudice. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (the district

9

court does not abuse its discretion in denying leave to amend a complaint when the plaintiff's proposed second amended complaint failed to cure the deficiencies of the first amended complaint).

        h.      <u>Plaintiff Has No Private Right Of Action Under NRS 206.275</u>.

NRS 205.275 is a criminal statute titled "Offense involving stolen property." This statute states in pertinent part that "except as otherwise provided in NRS 501.3765, a person commits an offense involving stolen property if the person, for his or her own gain or to prevent the owner from again possessing the owner's property, buys, receives, possesses or withholds property: (a) Knowing that it is stolen property; or (b) Under such circumstances as should have caused a reasonable person to know that it is stolen property."

As a general matter, criminal statutes do not give rise to private rights of action *Robertson v. Catholic Community Services of Western Washington*, Case No. 22-35965 [no initials provided], 2023 WL 3597383, at *1 (9th Cir. May 23, 2023) *citing Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). Here, the statute cited by Plaintiff is silent with respect to a private right of action. For this reason, the Court recommends dismissing Plaintiff's Ninth Claim for Relief with prejudice. *See Williams v. Emeritus Corp. et al.*, Case No. 2:11-cv-01497-MMD-RJJ, 2012 WL 3562774 (D. Nev. Aug. 17, 2012) (dismissing a claim based on a criminal statute providing no express private right of action).

**III.    Order**.

IT IS HEREBY ORDERED that Plaintiff's 2nd Motion for Leave to Amend Complaint (ECF No. 14) is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff's Sixth Claim for Violations of the Electronic Funds Transfer Act may proceed.

IT IS FURTHER ORDERED that Plaintiff's Third Amended Complaint is the operative complaint in this matter.

**IV.    Recommendation**.

IT IS HEREBY RECOMMENDED that Plaintiff's 2nd Motion for Leave to Amend Complaint (ECF No. 14) be DENIED in part.

IT IS FURTHER RECOMMENDED that Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Ninth Claims for Relief be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be ordered to serve Navy Federal Credit Union with a Summons, her Third Amended Complaint, and a copy of this Report and Recommendation no later than ninety (90) days after the Court issues its Order addressing the recommendation above.

Dated this 21st day of November, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).