UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VALERIE MCDONALD,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>NVAY FEDERAL FINANCIAL GROUP, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 2:23-cv-01325-ART-EJY<br><br>ORDER |

*Pro se* Plaintiff Valerie McDonald brings this action against Defendant Navy Federal Credit Union for damages allegedly arising from conduct by Defendant that violated various state and federal statutes and breached contractual obligations and fiduciary duties owed to Plaintiff. Before the Court are two Screening Orders from United States Magistrate Judge Elayna J. Youchah (ECF Nos. 4, 15). Each Screening Order also includes a Report and Recommendation ("R&R") recommending that certain claims be dismissed. the Court will also address Plaintiff's Motion for Default Judgment (ECF No. 11) and Plaintiff's Motion for Update (ECF No. 27).

### I.   Judge Youchah's First Order and R&R

Plaintiff did not object to Judge Youchah's first Order and R&R (ECF No. 4). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Youchah did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

## II. Judge Youchah's Second Order and R&R

Plaintiff did object (ECF No. 16) to Judge Youchah's second Order and R&R (ECF No. 15). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Here, the Court's review is de novo on the issues raised in Plaintiff's Objection. Those issues are 1) Plaintiff did not provide voluntary written consent for a Magistrate Judge to participate in this case; 2) Defendant was found liable for similar claims in another federal court and Judge Youchah's recommendation is not consistent with precedent; 3) Judge Youchah's recommendation conflicts with an Order in a different case brough by Plaintiff in this District alleging similar violations; and 4) Judge Youchah wrongly recommends dismissing Plaintiff's claim under the Nevada Deceptive Trade Practices Act.

First, Plaintiff is incorrect about the necessity of written consent for Judge Youchah to issue screening orders and R&R's. 28 U.S.C. § 636(b)(1) provides specific procedures for a magistrate judge to hear and determine certain pretrial matters pending before the court and to submit recommendations for the disposition of other pretrial matters. None of those procedures were violated here.

Second, Plaintiff's vague reference to a stipulated order by another federal court finding Defendant liable for similar claims is not a sufficient basis for

1  rejecting Judge Youchah's recommendation. Unless an order from another court
2  involves the same parties and same claims, it ordinarily will not have any
3  preclusive or precedential effect. Absent a citation to the case or order, this Court
4  will not reject Judge Youchah's recommendation on this ground.

5      Third, Plaintiff's reference to a different case in this district, where she
6  sued a different Defendant for similar violations as alleged here, is not a
7  sufficient basis for this Court to reject Judge Youchah's recommendation.
8  Different parties, different facts, and different allegations can result in different
9  dispositions. The cited case has no preclusive or precedential effect on this
10 action.

11     Fourth, Judge Youchah's recommendation on Plaintiff's claim for violation
12 of the Nevada Deceptive Trade Practices Act finds that Plaintiff did not allege
13 reliance, as required by the statute. Judge Youchah recommends dismissal on
14 this ground, and Plaintiff's objection does not allege reliance. The Court will
15 therefore not reject Judge Youchah's recommendation on this ground.

16     Having reviewed the R&R, the record in this case, and Plaintiff's Objection,
17 the Court will adopt the R&R in full.

18 **III.   Plaintiff's Request for Entry of Default Judgment**

19     Plaintiff filed a Motion for Default Judgment (ECF No. 11) following
20 purported service of Defendant (ECF Nos. 7, 9). Defendant filed a Motion to
21 Quash Purported Service (ECF No. 10) that Judge Youchah granted (ECF No.
22 13).

23     Under Fed. R. Civ. P. 55(a), entry of default is proper when "a party against
24 whom a judgment for affirmative relief is sought has failed to plead or otherwise
25 defend." Because Defendant filed a Motion to Quash Purported Service (ECF No.
26 10), an entry of default is improper in this case. Plaintiff's Motion for default
27 judgment is therefore denied.

28

### IV. Plaintiff's Motion for Update

Plaintiff filed a Motion for Update (ECF No. 27) on this Court's decision regarding Judge Youchah's second Screening Order and R&R (ECF No. 15). Because this Order provides Plaintiff with all the relief she requests in the Motion for Update, that Motion is denied as moot.

### V. Conclusion

IT IS THEREFORE ORDERED that Judge Youchah's first Report and Recommendation (ECF No. 4) is accepted and adopted in full. Plaintiff's Fourth Claim for Tortious Interference with Contract and Fifth Claim for Unjust Enrichment from the First Amended Complaint are dismissed with prejudice because Plaintiff cannot state these claims as a matter of law.

IT IS FURTHER ORDERED that Judge Youchah's second Report and Recommendation (ECF No. 15) is accepted and adopted in full. Plaintiff's 2nd Motion for Leave to Amend Complaint (ECF No. 14) is DENIED in part. Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, Eighth, and Ninth Claims for Relief are dismissed with prejudice. Plaintiff is ordered to serve Navy Federal Credit Union with a Summons, her Third Amended Complaint, and a copy of Judge Youchah's Report and Recommendation (ECF No. 15) no later than ninety (90) days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Update (ECF No. 27) is DENIED as moot.

DATED THIS 1st day of July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE