UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VALERIE MCDONALD, | Case No. 2:23-CV-01325-ART-EJY |
| Plaintiff, | |
| vs. | ORDER |
| | (ECF Nos. 39, 43, 44) |
| NAVY FEDERAL FINANCIAL GROUP, LLC, dba NAVY FEDERAL CREDIT UNION, | |
| Defendant. | |

Before the Court are Defendant Navy Federal Credit Union's motion for judgment on the pleadings or alternatively for summary judgment (ECF Nos. 43, 44), and Plaintiff Valerie McDonald's motion to strike (ECF No. 39). For the reasons discussed below, the Court grants Defendant's motion for judgment on the pleadings and denies Plaintiff's motion to strike as moot.

**I.    Background**

The following relevant facts are alleged in Plaintiff's complaint: Plaintiff has several accounts with Navy Federal: two credit cards, a checking account, and a savings account. (ECF No. 14 at 5-6.) She made regular payments on both credit cards until around January 2022. (*Id.* at 6.) Plaintiff alleges that she then requested accounting records for her credit card accounts "to no avail." (*Id.*) Defendant then closed her credit card accounts, and on multiple occasions transferred funds from her checking account towards the balances of her credit card accounts. (*Id.*) Plaintiff did not provide authorization for these transfers. (*Id.*) On January 1, 2022, she was told by a Navy Federal representative that they would continue to make these withdrawals until the debt was satisfied. (*Id.*) In July of 2022, Defendant refunded a security deposit she had put down on one of her credit accounts to her savings account, but then withdrew funds from her savings account and applied it the outstanding balance of her credit card. (*Id.*)

1    Plaintiff filed this lawsuit on August 25, 2023, bringing several causes of
2    action against Defendant. (ECF No. 1.) Plaintiff then amended her complaint
3    twice. (ECF Nos. 5, 14.) The Court then dismissed all of Plaintiff's claims except
4    for her claim under the Electronic Funds Transfer Act ("EFTA"). (ECF Nos. 15,
5    28.) This claim alleges that Defendant violated several provisions of the EFTA by
6    making electronic transfers without her written authorization.

7    **II.    Motion for Judgment on the Pleadings[1]**

8        **A. Legal Standard**

9    A party may move for judgment on the pleadings "[a]fter the pleadings are
10   closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). A motion for
11   judgment on the pleadings is "functionally identical" to a motion to dismiss for
12   failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v.*
13   *Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "When considering a
14   motion for judgment on the pleadings, the court must accept as true all material
15   allegations in the complaint and view them in the light most favorable to the
16   plaintiff." *NL Industries v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Judgment
17   on the pleadings is only proper "when the moving party clearly establishes on the
18   face of the pleadings that no material issue of fact remains to be resolved and
19   that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. v.*
20   *Walbrook Ins. Co.*, Ltd., 132 F.3d 526, 529 (9th Cir. 1997) (citing *George v. Pacific-*
21   *CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996), *cert. denied*, 519 U.S.
22   1081 (1997)). The Court should only dismiss the case if "it appears beyond a
23   doubt that plaintiff can prove no set of facts in support of his claim which would
24   entitle him to relief." *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191
25   (9th Cir. 1987).

26   _____

27   [1] Because the Court finds that Defendant is entitled to judgment on the pleadings,
     the Court does not consider Defendant's alternative argument for summary
28   judgment.

2

### A. Analysis

#### 1. Statute of Limitations

Defendant first argues that Plaintiff's claim is barred by the statute of limitations. Defendant avers that because Plaintiff's complaint references transfers made between January and July 2022, her action filed in August of 2023 is beyond the 1-year statute of limitations for EFTA claims. 15 U.S.C. § 1693m(g).

Plaintiff's complaint did not cite the dates of the transfers she alleges violated the EFTA, other than the July 19, 2022 transfer from her savings account. Plaintiff's opposition alleges that the transfers are ongoing. Because no discovery has been conducted in this case, the Court cannot determine that all of the transfers alleged in the complaint occurred more than one year prior to the complaint being filed. The Court therefore denies judgment on the pleadings on this ground.

#### 2. Electronic Funds Transfer Act

Plaintiff relies on several provisions of the EFTA. 15 U.S.C. § 1693e(a) requires that any preauthorized electronic fund transfer from a consumer's account be authorized by the consumer in writing. A "preauthorized electronic fund transfer" is "an electronic fund transfer authorized in advance to recur at substantially regular intervals." 15 U.S.C. § 1693a(10). Plaintiff's complaint alleges that the transfers from her bank accounts to her credit card account were made without her written authorization and are thus in violation of the EFTA.

Defendant argues that it is entitled to judgment on the pleadings because the EFTA does not prohibit the type of transfers Plaintiff complains of. Specifically, Defendant argues that (1) the transfers at issue are expressly excepted by the act because they were made pursuant to an agreement between Plaintiff and Defendant, (2) the transfers are not prohibited because they are not "recurring" at "substantially regular intervals," and (3) the transfers are excepted

by the act because they were initiated by Defendant itself. The Court finds that Defendant is entitled to judgment on the pleadings as to the first ground and does not address Defendant's other arguments.

Defendant argues that the transfers at issue fall under the exception under 12 C.F.R. 205.3(c)(5), which states that "[t]he term electronic fund transfer does not include . . . [a]ny transfer of funds under an agreement between a consumer and a financial institution which provides that the institution will initiate individual transfers without a specific request from the consumer." The Court agrees. Defendants attached to their motion the language of the agreement which was in place during 2022.[2] It states:

> If approved for a Navy Federal (NFCU) Credit Card, use of the card demonstrates my/our consent to all its terms and conditions, including the Security Interest Specific for Credit Cards provision, which reads: I/We acknowledge and pledge, specifically as a condition of my/our use of the credit card, that I/we have voluntarily granted NFCU a security interest in all of my/our individual and joint share accounts at NFCU. If my/our credit card loan becomes delinquent, this security interest may be used without further notice to pay all or part of such delinquency.

(ECF No. 43-1 at 18.) This agreement between Plaintiff and Defendant authorizes Defendant to use the security interest "without further notice" to pay the delinquency on the credit account. *Id.* Thus, the transfers pursuant to that

---

[2] Plaintiff's third amended complaint attached a credit card agreement and quoted this section of it regarding a security interest. (ECF No. 14 at 7-8, 67.) However, the agreement she attaches and quotes in her complaint is dated 2003. Defendant provided the language of the agreement in place in 2022, at the time of the violations alleged in the complaint, with its motion. (ECF No. 43-1.) As noted by Defendant, the relevant language is nearly identical. Plaintiff also cites the 2022 language in her opposition. (ECF No. 48 at 4.) Because this agreement was referenced in the complaint and an earlier version of it was attached, the Court may consider it without converting this into a motion for summary judgment. Under the doctrine of incorporation by reference, "a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

agreement, while literally electronic transfers, are not "electronic funds transfers" for the purposes of the EFTA. *See Okocha v. HSBC Bank USA, N.A.*, No. 08 CIV.8650(MHP), 2010 WL 5122614, at *2-3 (S.D.N.Y. Dec. 14, 2010) (finding that transfers from one bank account to cover an amount due on another bank account were not "electronic fund transfers" for the purposes of the EFTA because agreement provided for such transfers). Because of this, written permission from Plaintiff was not required for Defendant to make these transfers.

For this reason, Plaintiff has failed to allege facts which could establish a right to relief under the EFTA. The Court grants Defendant's motion for judgment on the pleadings. Because the Court grants judgment on the pleadings in favor of Defendant, the Court will also deny as moot Plaintiff's motion to strike Defendant's affirmative defenses.

**III.    Leave to Amend**

In her opposition, Plaintiff alleges that Defendant has continued to transfer funds from her account, and she requests leave to amend to address the "ongoing violations by the Defendant."  (ECF No. 48 at 2, 7.) If Plaintiff is seeking leave to amend her complaint, the Court denies this request because it would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be denied where amendment would be futile). As with the transactions that were plead in the complaint, discussed above, the EFTA would not apply to these additional transfers.

//
//
//
//
//
//
//

1

**IV.    Conclusion**

2       It is therefore ordered that Defendant's motion for judgment on the

3   pleadings, or alternatively for summary judgment (ECF Nos. 43, 44) is GRANTED.

4       It is further ordered that Plaintiff's motion to strike Defendant's affirmative

5   defenses (ECF No. 39) is DENIED AS MOOT.

6       It is further ordered that the Clerk of the Court is kindly instructed to

7   ENTER JUDGMENT accordingly in favor of Defendant and CLOSE this case.

8

9       Dated this 15th day of July 2025.

10

11

12                                        _____

13                                        ANNE R. TRAUM
                                          UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28